United States Courts
Southern District of Texas
FILED
MAY 04 2026
Nathan Ochsner, Clerk of Court

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

---

**STANLEY A. SANSONE,**
Plaintiff,

v. Civil Action No. 4:26cv3590

**UNITED STATES PATENT AND TRADEMARK OFFICE,**
**UNITED STATES DEPARTMENT OF THE NAVY,**
**UNITED STATES DEPARTMENT OF THE ARMY,**
**CONGRESSIONALLY DIRECTED MEDICAL RESEARCH PROGRAMS (CDMRP),**
Defendants.

---

# COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**5 U.S.C. § 552 – Freedom of Information Act**

## I. INTRODUCTION

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the production of agency records unlawfully withheld by Defendants.

2. Plaintiff submitted FOIA requests to Defendants seeking records directly relevant to agency actions affecting Plaintiff's patent rights and related administrative proceedings, including but not limited to records concerning evaluation, use, or consideration of Plaintiff's medical device technology and related government activities.

3. Defendants have failed to comply with FOIA's statutory deadlines and obligations. As of the filing of this Complaint, Defendants have neither produced responsive records nor provided lawful determinations within the time required by statute.

4. Defendants' failure to respond constitutes unlawful withholding of agency records and constructive denial under FOIA.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this District.

## III. PARTIES

7. Plaintiff Stanley A. Sansone is an individual residing in Houston, Texas.

8. Defendant United States Patent and Trademark Office ("USPTO") is an agency of the United States.

9. Defendant United States Department of the Navy is an agency of the United States.

10. Defendant United States Department of the Army is an agency of the United States.

11. Defendant Congressionally Directed Medical Research Programs ("CDMRP") is a program administered by the United States Department of Defense through components of the United States Army, including the U.S. Army Medical Research and Development Command, and maintains records responsive to Plaintiff's requests.

## IV. FACTUAL BACKGROUND

12. Plaintiff submitted requests under the Freedom of Information Act ("FOIA") to Defendants on February 1, 2026 (USPTO), February 3, 2026 (U.S. Army), February 10, 2026 (U.S. Navy), and February 11, 2026 (CDMRP), each of which was assigned a confirmation

identifier at the time of submission (e.g., USPTO Confirmation ID No. 2718171) (Ex. A at 3). These requests sought agency records concerning Plaintiff's technology, related government activities, and administrative actions affecting Plaintiff's patent applications.

13. Under FOIA, agencies are required to determine whether to comply with a request within twenty (20) working days. 5 U.S.C. § 552(a)(6)(A)(i). The statutory response deadlines for Plaintiff's requests fell between March 3, 2026 and March 12, 2026.

14. Plaintiff submitted follow-up inquiries after the expiration of these deadlines, including on or about March 5 (Ex. G at 56), March 21, and March 25, 2026 (Ex. F at 54). Limited correspondence was received from certain agencies, including acknowledgment or tracking information, but no Defendant has produced responsive records or provided a lawful determination as required by FOIA.

15. As of the filing of this Complaint, more than seventy to eighty days have elapsed since Plaintiff's requests were submitted, and Defendants have failed to produce responsive records, issue determinations, invoke valid statutory extensions, or identify any withheld materials through a Vaughn index or otherwise, as reflected in Exhibits E–G (see, e.g., Ex. F at 1–2).

16. Defendants' failure to respond within the time required by statute constitutes constructive exhaustion of administrative remedies under 5 U.S.C. § 552(a)(6)(C).

17. The records sought are directly material to federal administrative and appellate proceedings affecting Plaintiff's patent rights, including agency actions resulting in the abandonment of Plaintiff's patent application. In related proceedings, review of those actions was dismissed for lack of a complete administrative record, leaving the underlying agency action unreviewed. The continued withholding of records prevents access to the evidentiary basis of the agency's action and impairs Plaintiff's ability to obtain meaningful judicial review.

18. Defendants' failure to make a timely determination and to produce responsive records constitutes a constructive denial under FOIA and, in light of related federal proceedings, continues to impair Plaintiff's ability to obtain meaningful judicial review of agency action and access the administrative record necessary to evaluate that action.

## V. CLAIM FOR RELIEF

**Violation of the Freedom of Information Act, 5 U.S.C. § 552**

19. Plaintiff brings this claim under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel the disclosure of agency records unlawfully withheld by Defendants. Defendants are federal agencies subject to FOIA's mandatory disclosure requirements. Plaintiff submitted valid requests for agency records, yet Defendants failed to make a timely determination as required by 5 U.S.C. § 552(a)(6)(A) and have not produced responsive records. Accordingly, Defendants have improperly withheld agency records and constructively denied Plaintiff's requests under FOIA.

20. Because Defendants failed to comply with FOIA's statutory deadlines and have not produced responsive records or asserted any valid exemption, their withholding of agency records is unlawful as a matter of law.

21. Plaintiff has a statutory right to obtain the requested records, and Defendants have not identified any lawful basis to withhold responsive materials in their entirety or to refuse to segregate and produce non-exempt portions. Defendants' continued failure to respond and produce records deprives Plaintiff of timely access to information and impairs Plaintiff's ability to obtain meaningful review of agency action. Accordingly, Plaintiff is entitled to declaratory and injunctive relief pursuant to 5 U.S.C. § 552(a)(4)(B), including an order requiring

Defendants to conduct adequate searches for responsive records and to promptly produce all non-exempt materials.

## VI. PRAYER FOR RELIEF

22. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and grant the following relief: a declaration that Defendants have violated the Freedom of Information Act, 5 U.S.C. § 552, by failing to make a timely determination and by unlawfully withholding agency records; an order requiring Defendants to conduct searches reasonably calculated to uncover all responsive records and to promptly produce all non-exempt records responsive to Plaintiff's requests; an order requiring Defendants to provide a Vaughn index describing any materials withheld and the basis for each claimed exemption and to release all reasonably segregable non-exempt portions of responsive records; an order retaining jurisdiction over this matter to ensure full compliance with the Court's directives and to prevent further unlawful withholding or delay; an award of reasonable litigation costs pursuant to 5 U.S.C. § 552(a)(4)(E), including filing fees and other costs reasonably incurred in this action; and such other and further relief as the Court deems just and proper

## VII. NOTICE OF RELATED LITIGATION AND DIRECTLY AFFECTED NON-PARTIES (LR5)

23. Pursuant to Local Rule 5 of the United States District Court for the Southern District of Texas, Plaintiff provides notice of related litigation and directly affected non-parties.

24. This action arises from and is directly related to ongoing and prior federal proceedings concerning agency actions affecting Plaintiff's patent rights and associated civil rights, including due process interests in the fair and lawful administration of federal statutes. Related matters include proceedings before the United States Court of Appeals for the Federal Circuit, including *Sansone v. United States Patent and Trademark Office*, No. 25-2017 (Fed. Cir.), which concerns review of agency actions relating to Plaintiff's patent applications, and *In re Sansone*, No. 26-124 (Fed. Cir.), a petition for extraordinary relief in the nature of mandamus addressing agency conduct and record-related issues.

25. This action is further related to prior district court proceedings involving the same underlying agency actions and administrative record, including *Sansone v. United States Patent and Trademark Office*, No. 1:24-cv-00019 (E.D. Va.), and *Sansone v. United States Patent and Trademark Office*, No. 23-cv-02470 (D.D.C.). Those matters addressed claims arising from the same operative facts, including agency handling of Plaintiff's patent applications and the adequacy of the administrative record, as well as related constitutional and statutory issues.

26. The records sought in this FOIA action are directly material to these proceedings and bear on the evidentiary and procedural foundation of the agency actions challenged therein. The absence of a complete administrative record has been a central issue across these matters, and the outcome of this case may affect or be affected by the ability of reviewing courts to obtain and evaluate that record.

27. Plaintiff further identifies directly affected non-parties to include officials and components of the Defendant agencies responsible for the creation, maintenance, and withholding of the requested records, as well as reviewing courts whose ability to conduct meaningful judicial review depends on the completeness of the administrative record.

Respectfully submitted,

/s/ Stanley A. Sansone
Pro Se Plaintiff
7822 Sands Point Dr.
Houston, Texas 77036
(713)725-7051
geofirefighter@gmail.com

## EXHIBIT INDEX

Exhibit A – USPTO FOIA Request (February 1, 2026) p. 1

Exhibit B – U.S. Army FOIA Request (February 3, 2026) p. 9

Exhibit C – U.S. Navy FOIA Request (February 10, 2026) and Supplemental Submission (February 13, 2026) p. 20

Exhibit D – CDMRP FOIA Request (February 11, 2026) p. 40

Exhibit E – U.S. Army Correspondence (February 18, 20 and March 4, 2026) p. 45

Exhibit F – U.S. Navy Correspondence and Tracking Information (March 21 and March 25, 2026) p. 52

Exhibit G – USPTO Follow-Up Inquiry (March 5, 2026) p. 55

**Exhibit A** – USPTO FOIA Request and Receipt (February 1, 2026)



# Freedom of Information Act (FOIA) Request – United States Patent and Trademark Office

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of records maintained by the United States Patent and Trademark Office relating to the following patent applications:

**Patent Application Nos. (Stanley A. Sansone):**

Application No. 16/255,511, filed **January 23, 2019**

Application No. 17/490,525, filed **September 30, 2021**

**Records Requested**

**All records**, including but not limited to emails, memoranda, examiner notes, internal annotations, supervisory communications, internal guidance, docketing and workflow records, referral materials, records of the Office of the Director, and inter-agency communications, created, sent, or received by the United States Patent and Trademark Office that reference or relate to either or both of the above-listed patent applications. The records requested include the following:

1. Examination activity, delays, Restriction Requirements, abandonment determinations, or related prosecution decisions, from the filing date of each application to the present.
2. Examiner notes, internal search histories, annotations, and communications with Supervisory Patent Examiners or management personnel, from the filing date of each application to the present.
3. Docketing, workflow, timing, or scheduling records reflecting examination activity or delay, from the filing date of each application to the present.
4. Quality assurance, internal review, or audit materials relating to the applications, from the filing date of each application to the present.
5. Communications with the Office of Patent Legal Administration (OPLA), from the filing date of each application to the present.
6. Communications, memoranda, directives, briefing materials, and other records of the USPTO Director or the Office of the Director concerning the applications, including any involvement in examination, appeal handling, policy application, supervisory oversight, inter-agency coordination, or litigation-related matters, from the filing date of each application to the present.
7. Communications with PTAB personnel concerning the applications, including appeal handling or coordination, from the filing date of each application to the present.

8. Recordings (audio and/or video) of PTAB hearings in **Appeal No. 2021-001334** and **Appeal No. 2023-0011331**, in the native electronic format maintained by the USPTO, or, if not available, in a commonly used electronic video format such as MP4 (H.264).

9. Communications between the USPTO and the Department of Justice concerning the applications or related litigation, from **October 3, 2019** to the present.

10. Communications between the USPTO and the Department of Defense concerning the applications or related technology, including any discussion of medical, injury-mitigation, or readiness-related applications, from **October 3, 2019** to the present.

11. Drafts and final versions of Restriction Requirements, abandonment notices, and related internal justifications, from the filing date of each application to the present.

**Format**

Electronic format (PDF, recordings), transmitted by email or secure download.

**Fee Waiver Request**

I request a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the United States Patent and Trademark Office, including the administration of patent examination, PTAB proceedings, inter-agency coordination, and compliance with constitutional due process requirements.

The requested records concern matters of constitutional importance, including the protection of property interests, procedural due process in administrative adjudication, and the integrity of agency decision-making affecting innovation and national interests. Disclosure will shed light on how constitutional and statutory obligations are carried out in practice, not merely on the circumstances of an individual application.

Disclosure of these records will contribute to transparency and accountability in the administration of federal patent rights and administrative adjudication.

This request is made in the public interest and not for the purpose of obtaining a commercial or competitive advantage. I am proceeding in forma pauperis.

Stanley A. Sansone
geofirefighter@gmail.com
(713) 725-7051
February 1, 2026



2

Exhibit A – USPTO FOIA Request and Receipt (February 1, 2026)

An official website of the United States government
Here's how you know

UNITED STATES DEPARTMENT of JUSTICE

# FOIA.gov

MENU

**Thank you for visiting FOIA.gov, the government's central website for FOIA.** We'll continue to make improvements to the site and look forward to your input. Please submit feedback to National.FOIAPortal@usdoj.gov.

---

**Submission ID:** 2718171

# Success!

## Your FOIA request has been created and is being sent to the U.S. Patent and Trademark Office.

You'll hear back from the agency confirming receipt in the coming weeks using the contact information you provided. If you have questions about your request, feel free to reach out to the agency FOIA personnel using the information provided below.

### Contact the agency

Louis Boston Jr., FOIA Officer

FOIA Requester Service Center

571-272-3000

Louis Boston Jr., FOIA Public Liaison

Louis Boston Jr., FOIA Contact
P.O. Box 1450
Alexandria, VA 22313-1450

FOIARequests@uspto.gov

---

## Request summary

Request submitted on**February 1, 2026**.

The confirmation ID for your request is **2718171**.

The confirmation ID is only for identifying your request on FOIA.gov and acts as a receipt to show that you submitted a request using FOIA.gov. This number does not replace the information you'll receive from the agency to track your request. In case there is an issue submitting your request to the agency you selected, you can use this number to help.

### Contact information

**Name**
Stanley Sansone

**Mailing address**
7822 Sands Point
Houston, Texas 77036
United States

**Phone number**
7137257051

**Email**
geofirefighter@gmail.com

---

## Your request

Freedom of Information Act (FOIA) Request – United States Patent and Trademark Office Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of records maintained by the United States Patent and Trademark Office relating to the following patent applications: Patent Application Nos. (Stanley A. Sansone): Application No. 16/255,511, filed January 23, 2019 Application No. 17/490,525, filed September 30, 2021 Records Requested All records, including but not limited to emails, memoranda, examiner notes, internal annotations, supervisory communications, internal guidance, docketing and workflow records, referral materials, records of the Office of the Director, and inter-agency communications, created, sent, or received by the United States Patent and Trademark Office that reference or relate to either or both of the above-listed patent applications. The records requested include the following: 1. Examination activity, delays, Restriction Requirements, abandonment determinations, or related prosecution decisions, from the filing date of each application to the present. 2. Examiner notes, internal search histories, annotations, and communications with Supervisory Patent Examiners or management personnel, from the filing date of each application to the present. 3. Docketing, workflow, timing, or scheduling records reflecting examination activity or delay, from the filing date of each application to the present. 4. Quality assurance, internal review, or audit materials relating to the applications, from the filing date of each application to the present. 5. Communications with the Office of Patent Legal Administration (OPLA), from the filing date of each

application to the present. 6. Communications, memoranda, directives, briefing materials, and other records of the USPTO Director or the Office of the Director concerning the applications, including any involvement in examination, appeal handling, policy application, supervisory oversight, inter-agency coordination, or litigation-related matters, from the filing date of each application to the present. 7. Communications with PTAB personnel concerning the applications, including appeal handling or coordination, from the filing date of each application to the present. 8. Recordings (audio and/or video) of PTAB hearings in Appeal No. 2021-001334 and Appeal No. 2023-0011331, in the native electronic format maintained by the USPTO, or, if not available, in a commonly used electronic video format such as MP4 (H.264). 9. Communications between the USPTO and the Department of Justice concerning the applications or related litigation, from October 3, 2019 to the present. 10. Communications between the USPTO and the Department of Defense concerning the applications or related technology, including any discussion of medical, injury-mitigation, or readiness-related applications, from October 3, 2019 to the present. 11. Drafts and final versions of Restriction Requirements, abandonment notices, and related internal justifications, from the filing date of each application to the present. Format Electronic format (PDF, recordings), transmitted by email or secure download.

## Additional information

FOIA Request_USPTO_Sansone_ 020126.pdf

## Fees

**What type of requester are you?**
other

**Fee waiver**
yes

**Fee waiver justification**
I request a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the United States Patent and Trademark Office, including the administration of patent examination, PTAB proceedings, inter-agency coordination, and compliance

with constitutional due process requirements. The requested records concern matters of constitutional importance, including the protection of property interests, procedural due process in administrative adjudication, and the integrity of agency decision-making affecting innovation and national interests. Disclosure will shed light on how constitutional and statutory obligations are carried out in practice, not merely on the circumstances of an individual application. Disclosure of these records will contribute to transparency and accountability in the administration of federal patent rights and administrative adjudication. This request is made in the public interest and not for the purpose of obtaining a commercial or competitive advantage. I am proceeding in forma pauperis.

## Request expedited processing

**Expedited processing**
yes

**Justification for expedited processing**
I request expedited processing pursuant to 37 C.F.R. § 102.6(e). The requested records concern ongoing administrative adjudication and related judicial proceedings involving patent examination and PTAB appeals. Timely disclosure is necessary to ensure meaningful participation in these proceedings and to inform public understanding of the USPTO's administration of patent rights and due process. In addition, the USPTO previously granted expedited examination of the underlying patent applications based on age and medical considerations, reflecting the agency's recognition that delay in these matters causes concrete and irreparable harm. Continued delay in disclosure of the requested records would undermine the purpose of that prior determination and impair effective review.

Exhibit A – USPTO FOIA Request and Receipt (February 1, 2026)

Washington, DC 20530
E-mail: National.FOIAPortal@usdoj.gov

Hero image credit CC3.0

- FREQUENTLY ASKED QUESTIONS
- DEVELOPER RESOURCES
- AGENCY API SPEC
- FOIA CONTACT DOWNLOAD
- FOIA DATASET DOWNLOAD
- ACCESSIBILITY
- PRIVACY POLICY
- POLICIES & DISCLAIMERS
- JUSTICE.GOV
- USA.GOV

# Freedom of Information Act (FOIA) Request – United States Army

Pursuant to the Freedom of Information Act, 5 U.S.C. § 552, I request access to and copies of records maintained by the Department of the Army, including its commands, laboratories, program offices, and subordinate components, relating to the following patent applications and inventions by Stanley A. Sansone.

**RECORDS REQUESTED**

All records, including but not limited to emails, memoranda, internal notes, annotations, supervisory communications, internal guidance, docketing and workflow records, referral materials, records of command leadership, and inter-agency or inter-command communications, created, sent, or received by the Department of the Army or its components, that reference or relate to the patent applications, issued patents, inventions, or associated technologies listed below.

Unless otherwise specified, this request encompasses records created, sent, received, reviewed, modified, or maintained **from January 1, 2013 to the present**, including records created earlier that were relied upon, referenced, or re-used during this period.

This request expressly includes records of communications, coordination, referrals, consultations, or information exchanges between the Department of the Army and any other federal entity, including but not limited to the Department of Justice and the United States Patent and Trademark Office, whether formal or informal, written or electronic, relating to the subject matter of this request.

**PRIORITY 1 – IDENTITY, NOTICE, AND DIRECT ASSOCIATION (Primary)**

Records that identify, reference, or are directly associated with the following inventor, inventions, or patent families, including any continuation, continuation-in-part, provisional, or internally referenced derivative thereof:

**Patent Nos.:**

- **Patent No. 9770061**(Stanley A. Sansone); *Emergency Head Covering Cold Pack for Head Trauma, Concussions, Wounds or Migraines*, filed February 2, 2015
- **Patent No. D888968** (Stanley A. Sansone and Dylan J. Sansone); *Head Wrap*, filed October 12, 2019

**Patent Application Nos. (Stanley A. Sansone):**

- **Application No. 16/255,511**, *Wearable Thermal Device with Port*, filed January 23, 2019

- **Application No. 17/490,525**, *Conformable Thermal Therapeutic Dressing with Medical Intervention And/or Sensing Capabilities*, filed September 30, 2021.

  **Search Guidance (Non-Exclusive)**:

  - Stan Sansone
  - stan@911medicaldevices.com
  - geofirefighter@gmail.com
  - 911 Medical Devices
  - HypothermicSplint™
  - 911HEAD®

*This list is provided solely to establish identity, notice, and direct association and does not limit the scope of the request to records that explicitly reference these identifiers.*

**PRIORITY 2 – MEDICAL, OPERATIONAL, AND MISSION RELEVANCE**

Records relating to the evaluation, funding, acknowledgment, non-use, delay, or redirection of technology or methods intended to prevent, mitigate, or reduce battlefield injury outcomes or operational degradation, including technology addressing hypoxic brain injury, sepsis, traumatic injury, acute burns, musculoskeletal (MSK) injuries, or the use of sensors integrated into medical dressings, in forward-deployed or point-of-care contexts, regardless of terminology.

**Search Guidance (Non-Exclusive)**:

- Localized thermal treatment
- TBI
- medical cooling
- hypothermia therapy
- emergency medical device
- battlefield medicine
- combat casualty care
- point of injury care
- thermal injury
- medical dressing incorporating sensors
- neuroprotection

**PRIORITY 3 — PROGRAMS, OFFICES, AND ENGAGEMENT**

Records relating to the identification, evaluation, consideration, coordination, funding, administration, oversight, transition, redirection, or disposition of any program, office, laboratory, initiative, or engagement within or involving the Department of the Army, including subordinate commands and laboratories, that addressed, evaluated, funded, declined, delayed, redirected, transitioned, or otherwise engaged with technology or methods within the scope of Priority 2, including inter-office or inter-command communications, program alignment determinations, and technology transition decisions.

**Search Guidance (Non-Exclusive)**:

- Military Burn Research Program
- USAMRDC
- medical research program
- defense medical research
- combat casualty care program
- battlefield medicine program
- operational medicine initiative
- trauma research program
- neuroprotection research
- thermoregulation research
- wearable medical technology
- medical device development
- point-of-care capability
- forward-deployed medical capability

**Transition / Acquisition / Handling**

- technology transition
- transition agreement
- transition readiness level (TRL)
- prototype evaluation
- pilot program
- demonstration project

- clinical evaluation
- pre-clinical evaluation
- requirements assessment
- capability gap assessment
- concept evaluation
- unsolicited proposal
- white paper submission
- Broad Agency Announcement (BAA)
- SBIR / STTR

**PRIORITY 4 – POLICY, LEGAL, RISK, AND ACCOUNTABILITY (Primary/Oversight)**

Records relating to legal, policy, risk, compliance, or oversight considerations associated with the evaluation, funding, non-use, delay, redirection, or disposition of technology or methods within the scope of Priorities 1–3, **including communications or coordination with the Department of Justice and/or the United States Patent and Trademark Office**, and including records reflecting intellectual property considerations, patent validity assessments, litigation risk, policy guidance, compliance reviews, or legal oversight.

**Search Guidance (Non-Exclusive)**:

**Legal & IP**

- patent
- intellectual property
- IP risk
- validity
- enforceability
- infringement
- licensing
- ownership

**Litigation / Risk**

- litigation risk
- legal exposure
- claim
- protest

- FOIA
- discovery
- privilege review

**Policy / Compliance**

- policy guidance
- compliance
- regulatory
- statutory
- directive
- waiver
- exception

**Oversight / Counsel**

- Office of the General Counsel (OGC)
- Judge Advocate General (JAG)
- Department of Justice
- DOJ Civil Division
- DOJ Commercial Litigation Branch
- United States Patent and Trademark Office
- USPTO
- Office of the Solicitor
- litigation coordination
- legal review
- ethics
- risk assessment

Records are responsive regardless of whether communications were conducted for litigation support, policy development, administrative coordination, or advisory purposes.

**FORMAT**

Electronic format (PDF, recordings), transmitted by email or secure download.

**FEE WAIVER REQUEST**

I request a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the Department of the Army, including programmatic decision-making, research and acquisition practices, inter-command coordination, and compliance with constitutional and statutory obligations.

The requested records concern matters of constitutional and public importance, including the protection of property interests, procedural due process, and the integrity of agency decision-making affecting military readiness, innovation, and the expenditure of public funds. Disclosure will shed light on how these obligations are carried out in practice, not merely on the circumstances of an individual inventor.

This request is made in the public interest and not for the purpose of obtaining a commercial or competitive advantage. I am proceeding in forma pauperis. Thank you.

Stanley A. Sansone
geofirefighter@gmail.com
(713) 725-7051
February 3, 2026

Exhibit B – U.S. Army FOIA Request and Receipt (February 3, 2026)

An official website of the United States government
Here's how you know

UNITED STATES DEPARTMENT of JUSTICE

MENU

# FOIA.gov

**Thank you for visiting FOIA.gov, the government's central website for FOIA.** We'll continue to make improvements to the site and look forward to your input. Please submit feedback to National.FOIAPortal@usdoj.gov.

**Submission ID:** 2722636

# Success!

## Your FOIA request has been created and is being sent to the Department of the Army.

You'll hear back from the agency confirming receipt in the coming weeks using the contact information you provided. If you have questions about your request, feel free to reach out to the agency FOIA personnel using the information provided below.

### Contact the agency

FOIA Requester Service Center

571-515-0306

FOIA Requester Service Center

Joyce M. Luton, FOIA Public Liaison

(520) 673-3981

usarmy.belvoir.hqda-esa.mbx.rmda-foia-public-liaison@army.mil

U.S. Army Freedom of Information Act Office Army Records Management Directorate
9301 Chapek Rd. Bldg 1458
Fort Belvoir, VA 22060-5605

Exhibit B – U.S. Army FOIA Request and Receipt (February 3, 2026)

usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil

## Request summary

Request submitted on**February 3, 2026**.

The confirmation ID for your request is **2722636**.

The confirmation ID is only for identifying your request on FOIA.gov and acts as a receipt to show that you submitted a request using FOIA.gov. This number does not replace the information you'll receive from the agency to track your request. In case there is an issue submitting your request to the agency you selected, you can use this number to help.

## Contact information

**Name**
Stanley Sansone

**Mailing address**
7822 Sands Point
Houston, Texas 77036
United States

**Phone number**
7137257051

**Fax number**
7137257051

**Email**
geofirefighter@gmail.com

## Your request

V. CROSS-AGENCY & CROSS-REFERENCE REQUIREMENT This request expressly includes records that are cross-referenced, shared, coordinated, or transferred between the Department of the Navy and other entities, including but not limited to: United States Army United States Patent and Trademark Office (USPTO) Department of Defense components Contractors, laboratories, or third-party evaluators This provision is intended to align and cross-validate records with parallel FOIA requests submitted to the Army and USPTO, including records reflecting notice, knowledge, referral, or reliance across agencies. VI. TIME FRAME Unless otherwise stated, this request covers records from January 1, 2008, through the present.

## Additional information

FOIA Request_Army_Sansone_ 020326.pdf

Exhibit B – U.S. Army FOIA Request and Receipt (February 3, 2026)

## Fees

**What type of requester are you?**
other

**Fee waiver**
yes

**Fee waiver justification**
I request a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records is in the public interest because it is likely to contribute significantly to public understanding of the operations and activities of the Department of the Army, including programmatic decision-making, research and acquisition practices, inter-command coordination, and compliance with constitutional and statutory obligations. The requested records concern matters of constitutional and public importance, including the protection of property interests, procedural due process, and the integrity of agency decision-making affecting military readiness, innovation, and the expenditure of public funds. Disclosure will shed light on how these obligations are carried out in practice, not merely on the circumstances of an individual inventor. This request is made in the public interest and not for the purpose of obtaining a commercial or competitive advantage. I am proceeding in forma pauperis. Thank you.

## Request expedited processing

**Expedited processing**
yes

**Justification for expedited processing**
I request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 32 C.F.R. § 286.8(e) because this request concerns matters of compelling public interest involving national defense readiness, medical capability for service members, and government accountability. The requested records relate to the evaluation, funding, non-use, redirection, or suppression of medical and operational technologies intended for battlefield or forward-deployed care, and include inter-agency coordination with the Department of Justice and the United States Patent and Trademark Office. These matters directly affect ongoing judicial proceedings and the public's ability to understand how the Navy and other federal agencies carry out statutory and constitutional obligations affecting innovation, military readiness, and the expenditure of public funds. Delay in disclosure could reasonably be expected to impair meaningful public oversight of government decision-making in areas implicating service member health, operational effectiveness, and constitutional due process. I am an individual requester proceeding pro se and in forma pauperis and seek expedited processing to ensure timely access to records necessary for informed public understanding and judicial review.

# Freedom of Information Act (FOIA) Request – Department of the Navy

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, and implementing regulations, I hereby request access to and copies of records maintained by the United States Department of the Navy, including all subordinate commands, components, offices, activities, and contractors, as described below. This submission constitutes a formal request under the Freedom of Information Act.

## I. RECORDS REQUESTED *(General Scope)*

I request all records, in any form or format (including electronic records, emails, attachments, metadata, draft documents, audiovisual media, and archived materials), created, sent, received, reviewed, maintained, or relied upon by the Department of the Navy that reference, relate to, or arise from:

1. My personal participation in Navy-related events, demonstrations, evaluations, meetings, briefings, symposia, or operational activities;
2. Any medical, acquisition, research, development, testing, or operational evaluation of inventions, devices, systems, or concepts associated with me;
3. Any Navy knowledge, notice, awareness, encouragement, funding, referral, redirection, or use of such inventions or concepts;
4. Any coordination or communication with other federal agencies, including but not limited to the United States Army, the United States Patent and Trademark Office (USPTO), and the United States Department of Justice, concerning the same subject matter.

This request includes records whether or not indexed under my name and whether or not my participation was formally recorded.

## II. PRIORITY 1 – PATENT INFORMATION, IDENTITY, AND DIRECT ASSOCIATION *(Primary)*

This Priority 1 category requires searches for records that identify, reference, rely upon, or are directly associated with the following inventor, inventions, or patent families, including any continuation, continuation-in-part, provisional, abandoned, revived, or internally referenced derivative thereof.

**Patent Information**

**Issued Patents:**

- **U.S. Patent No. 9,770,061** – *Emergency Head Covering Cold Pack for Head Trauma, Concussions, Wounds, or Migraines*
  Inventor: Stanley A. Sansone
  Filed: **February 2, 2015**
- **U.S. Design Patent No. D888,968** – *Head Wrap*
  Inventors: Stanley A. Sansone and Dylan J. Sansone
  Filed: October 12, 2019

**Patent Applications (Stanley A. Sansone):**

- Application No. **16/255,511** – *Wearable Thermal Device with Port*, filed January 23, 2019
- Application No. **17/490,525** – *Conformable Thermal Therapeutic Dressing with Medical Intervention and/or Sensing Capabilities*, filed September 30, 2021

**Identity and Search Guidance (Non-Exclusive)**

- Stanley A. Sansone
- Stan Sansone
- stan@911medicaldevices.com
- geofirefighter@gmail.com
- 911 Medical Devices
- HypothermicSplint™
- 911HEAD®

These patented inventions and applications include embodiments and subject matter relating to sensor-enabled medical dressings, including wound monitoring and wound imaging, whether described using those terms or equivalent functional language.

This list is provided solely to establish identity, notice, and direct association and shall not limit the scope of the request to records explicitly referencing these identifiers.

Searches shall include records maintained outside patent-specific systems, including medical, acquisition, operational, program, public affairs, and leadership files in which the patented subject matter is referenced indirectly or by description rather than by patent number.

This Priority 1 search expressly includes records referencing Cooperative Research and Development Agreement (CRADA) No. LP-CRADA-NIWC LANT-21-006, including any drafts,

amendments, negotiations, or related correspondence, whether or not the agreement was executed or finalized.

**III. EVENT-BASED SEARCHES *(Medical, Acquisition, and Operational Commands)***

This request expressly includes records relating to Navy events in which I personally participated, was present, was invited, or was referenced.

**A. Medical / Clinical / Research Events**

Records concerning Navy medical or operational evaluation, observation, discussion, or testing of medical devices or concepts relating to:

- Musculoskeletal injuries
- Head trauma mitigation
- Concussion / Traumatic Brain Injury (TBI)
- Neurogenic fever or sepsis
- Cerebral hypoxia, cardiac arrest, or stroke
- Acute burns
- Medical cooling, hypothermia therapy, or thermal management
- Emergency or battlefield medical treatment
- Smart bandage or sensing bandage technologies, wound imaging systems, or sensor-enabled medical dressings
- Whole blood transport, blood product temperature control, and limb preservation (including ischemia mitigation and extended viability of amputated or injured extremities), whether discussed as primary uses, secondary applications, or derivative operational concepts arising from demonstrations or evaluations.

Likely sources include Navy Medicine commands, medical research units, clinical evaluation teams, and medical briefings or assessments.

Records include, non-exhaustively: after-action reports, evaluations, briefing materials, emails, memoranda, calendars, itineraries, sign-in sheets, and visitor logs.

**B. Acquisition / Contracting / Research & Development Events**

Records concerning Navy acquisition, procurement, research, development, testing, or evaluation activities in which my participation, inventions, or associated concepts were discussed, observed, or relied upon, including:

- Technology demonstrations

- Capability or market assessments
- Contracting discussions
- SBIR/STTR-type evaluations
- Referrals to contractors, laboratories, or third parties

**C. Operational / Demonstration / Briefing Events**

Records concerning Navy operational demonstrations, briefings, exercises, or evaluations involving my participation or presence, whether formal or informal, including on-site demonstrations, invited briefings, observational participation, or informal evaluations.

**IV. KNOWN EVENTS AND SPECIFIC MEDIA *(Non-Exhaustive)***

The following events and media items are provided **solely for identification purposes** and shall not be construed to limit the scope of this request. Searches shall include official, unofficial, internal, external, archived, draft, deleted, or limited-release materials.

**A. Commercial Solutions Opening N65236-20-S-C001**

Naval Integration in Contested Environments (NICE) Advanced Naval Technology Exercise (ANTX)

Approximate Date Range: March 17, 2020 – present

Subject Matter: Medical, operational, and acquisition-related demonstrations or evaluations involving musculoskeletal injury, brain injury, concussion, neurogenic fever, cerebral hypoxia, acute burns, medical cooling devices or concepts, and newly articulated or evaluated concept uses arising during or following NICE/ANTX, including whole blood transport and limb preservation.

**Records Requested Include *(Non-Exhaustive)*:**

- All Cooperative Research and Development Agreements (CRADAs) associated with NICE and/or ANTX that reference, relate to, or arise from the above subject matter or my participation
- Drafts, revisions, amendments, proposed terms, and redlines of such CRADAs
- Internal discussions, emails, memoranda, and meeting notes concerning CRADA creation, modification, approval, or rejection
- All CRADA appendices, exhibits, statements of work, intellectual-property clauses, data-rights provisions, and technology-transition attachments
- Final executed CRADAs and records reflecting performance, evaluation, or termination

This request expressly includes records reflecting new or derivative concept uses identified, proposed, evaluated, discussed, or developed by Navy or DoD personnel during or after NICE/ANTX, including records generated by the government that assess feasibility, requirements, logistics, or operational integration of whole blood transport or limb preservation applications.

Records relating to these events and concepts are directly associated with the patented subject matter and inventor identity identified in PRIORITY 1, regardless of whether such records reference the inventor by name or describe the technology using different terminology.

**B. Original Event Video (Initial Limited Publication)**

Media Requested: The original video recording of a Navy-related event in which I participated, briefly or limitedly published on or about April 16, 2021, and later removed, restricted, replaced, or archived.

Records Include: The original video file in native format; any edited or unedited versions; associated metadata; upload, publication, takedown, or revision records; and communications discussing publication or removal.

**C. Subsequent Event Video (Later Publication)**

Media Requested: A second video of the same or substantially similar event published or disseminated months later in 2021.

Records include all versions, edits, metadata, and communications comparing or replacing the original video.

**D. Photograph With Senior Navy Leadership**

Media Requested: Photographs depicting Honorable **James "Hondo" Geurts**, who served as the Acting Under Secretary of the Navy and previously as the Assistant Secretary of the Navy for Research, Development and Acquisition (ASN RD&A) wearing **911HEAD,** other senior Navy or Joint leadership and me at my demonstration tent, taken during the same event Distinguished Visitor Day.

Records include original and edited images, metadata, internal distribution, and related communications, whether or not individuals are correctly identified in captions.

**E. Military Health System Research Symposium (MHSRS)**

Dates: September 12–15, 2022

Location: Kissimmee, Florida

Role: Inventor / presenter / participant

Records Include: registration and attendance records; abstracts, presentations, demonstrations; emails and calendars; photographs or videos; after-action reports; and communications with other DoD components.

**V. IDENTITY & SEARCH TERMS**

*(Applies to All Searches)*

Searches shall include, but not be limited to:

- Stanley A. Sansone
- Stan Sansone
- Sansone
- 911 Medical Devices
- HypothermicSplint
- 911HEAD
- Descriptions relating to head cooling, head trauma, concussion, TBI, hypothermia therapy, or medical cooling
- Hypothermic bandages
- Hyperthermic bandages
- smart bandage
- sensing bandage
- intelligent bandage
- wound imaging
- wound monitoring
- bandage with embedded sensors
- medical dressing with sensors
- imaging-enabled wound dressing
- thermal wound assessment
- whole blood transport

- temperature-controlled blood transport
- blood product preservation or cooling
- limb preservation
- preservation of amputated or injured extremities
- ischemia mitigation
- extended tissue or limb viability
- low-titer O whole blood (LTOWB)
- blood cold chain
- temperature-controlled transport
- blood logistics
- prolonged field care (PFC)
- limb salvage
- ischemia time
- cold ischemia
- point of injury (POI)
- austere environment
- en route care
- technology transition
- concept of operations (CONOPS)
- distinguished visitor day (DV Day)

Searches shall not be limited to these terms.

## VI. CROSS-AGENCY & CROSS-REFERENCE REQUIREMENT

This request includes records cross-referenced, shared, coordinated, or transferred between the Department of the Navy and other entities, including the United States Army, USPTO, Department of Justice, DoD medical components, contractors, laboratories, or third-party evaluators.

## VII. TIME FRAME

Unless otherwise stated, this request covers records from **February 2, 2015** (the filing date of the first head-cooling patent) through the present.

**VIII. FORMAT OF PRODUCTION**

Electronic format (PDF, native media files), transmitted by email or secure download.

**IX. FEE WAIVER REQUEST**

I request a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure is in the public interest and will contribute significantly to public understanding of Navy operations, research, acquisition practices, inter-command coordination, and compliance with constitutional and statutory obligations. This request is not made for commercial advantage. I am proceeding in forma pauperis.

Stanley A. Sansone
geofirefighter@gmail.com
(713) 725-7051
February 3, 2026

Exhibit C – U.S. Navy FOIA Request and Supplemental Submission

An official website of the United States government
Here's how you know

UNITED STATES DEPARTMENT of JUSTICE

MENU

# FOIA.gov

**Thank you for visiting FOIA.gov, the government's central website for FOIA.** We'll continue to make improvements to the site and look forward to your input. Please submit feedback to National.FOIAPortal@usdoj.gov.

---

**Submission ID:** 2734526

# Success!

## Your FOIA request has been created and is being sent to the Department of the Navy.

You'll hear back from the agency confirming receipt in the coming weeks using the contact information you provided. If you have questions about your request, feel free to reach out to the agency FOIA personnel using the information provided below.

### Contact the agency

Richard Strong, FOIA Officer

(202) 685-0412

usn.ncr.dns.mbx.don-foia-pa@us.navy.mil

FOIA Requester Service Center

202-685-0412

usn.ncr.dns.mbx.don-foia-pa@us.navy.mil

Christopher Julka, FOIA Public Liaison

703-697-0031

christopher.a.julka@us.navy.mil

Chief of Naval Operations, DNS-36
2000 Navy Pentagon
Washington, DC 20350-2000

usn.ncr.dns.mbx.don-foia-pa@us.navy.mil

---

# Request summary

Request submitted on**February 10, 2026**.

The confirmation ID for your request is **2734526**.

The confirmation ID is only for identifying your request on FOIA.gov and acts as a receipt to show that you submitted a request using FOIA.gov. This number does not replace the information you'll receive from the agency to track your request. In case there is an issue submitting your request to the agency you selected, you can use this number to help.

## Contact information

**Name**
Stan Sansone

**Mailing address**
7822 Sands Point
Houston, Texas 77036
United States

**Phone number**
7137257051

**Fax number**
7137257051

**Company/organization**
911 Medical Devices

**Email**
stan@911medicaldevices.com

## Your request

The character length was 11K so I place a pdf in the next step, #3

## Additional information

FOIA Request_NAVY_Sansone_ 021026.pdf

## Fees

**What type of requester are you?**
other

**Fee waiver**
yes

**Fee waiver justification**
I request a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure is in the public interest and will contribute significantly to public understanding of Navy operations, research, acquisition practices, inter-command coordination, and compliance with constitutional and statutory obligations. This request is not made for commercial advantage. I am proceeding in forma pauperis.

## Request expedited processing

**Expedited processing**
yes

**Justification for expedited processing**
Pursuant to 5 U.S.C. § 552(a)(6)(E) and applicable Department of the Navy FOIA regulations, I respectfully request expedited processing of this FOIA request. Expedited processing is warranted

# SUPPLEMENTAL FREEDOM OF INFORMATION ACT REQUEST
## United States Department of the Navy

Office of the Judge Advocate General / Naval Supply Systems Command / Bureau of Medicine and Surgery, as applicable.

Re: Supplemental Clarification – FOIA Submission ID: 2734526

This submission supplements and clarifies my previously filed Freedom of Information Act request (Submission ID: 2734526) to the United States Department of the Navy. This supplemental filing does not narrow, modify, or replace the original request. It clarifies scope and addresses foreseeable exemption issues to ensure an efficient and legally sufficient response.

**I. CLARIFICATION OF SCOPE**

The original request includes all records reflecting, referring, or relating to:

- Procurement, acquisition, pricing, contracting, evaluation, testing, or deployment
- Communications with manufacturers, vendors, or contractors
- Internal communications regarding product selection or evaluation
- Justifications for award or source selection
- Cost comparisons or price reasonableness determinations
- Technical or clinical evaluations
- Any waiver, sole-source, urgency, or emergency procurement authority

This expressly includes:

- Executed contracts and modifications
- Unit pricing and total pricing schedules
- Purchase orders and invoices
- Technical evaluation reports
- Source selection decision documents
- Price negotiation memoranda
- Adopted findings or determinations
- Post-award performance evaluations

Both electronic and hard-copy records are included.

**II. PREEMPTION OF ANTICIPATED EXEMPTIONS**

**A. Exemption 4 – Confidential Commercial Information** (5 U.S.C. § 552(b)(4))

To the extent the Navy anticipates invoking Exemption 4:

1. Final Contract Pricing Is Not Confidential.
   The Supreme Court has recognized that the government may not withhold information that is customarily disclosed or incorporated into executed federal contracts. Pricing paid by the government, unit pricing, and total contract values are routinely disclosed through federal procurement systems.
2. Public Interest Overrides Withholding.
   Disclosure of pricing paid with taxpayer funds contributes directly to public understanding of government operations and is not primarily commercial in nature.
3. Segregability Requirement.
   Even if limited proprietary technical material exists, all reasonably segregable portions of pricing data, award determinations, and cost comparisons must be released.

**B. Exemption 5 – Deliberative Process Privilege**

If Exemption 5 is asserted:

1. Final Decisions and Adopted Rationales Are Not Protected.
   Final award decisions, final technical evaluations, adopted findings, and source selection determinations are not predecisional once relied upon.
2. Purely Factual Material Must Be Disclosed.
   Cost data, pricing comparisons, testing data, and objective performance metrics are factual and are not protected by the deliberative process privilege.
3. Post-Decisional Justifications Are Not Privileged.
   Documents explaining or defending a final procurement decision are not predecisional.

**C. Exemption 1 or 3 – National Security / Statutory Withholding**

This request concerns procurement of medical or commercial technology and related pricing.

If any portion is withheld under Exemption 1 or 3, please:

- Identify the specific classification authority or statute relied upon
- Provide the date of classification
- Confirm that all reasonably segregable non-classified material has been released

Procurement pricing and contract award documentation are not presumptively classified.

**D. Exemption 6 – Personal Privacy**

Names, titles, and official contact information of government officials acting in their official capacities are not protected personal privacy information. If redactions are made, please identify the specific privacy interest asserted and release segregable material.

**III. VAUGHN INDEX REQUIREMENT**

If any records are withheld in whole or in part, please provide:

- A detailed Vaughn index
- Identification of each withheld document or portion
- The specific exemption relied upon
- An explanation of why segregable material cannot be released

**IV. PUBLIC INTEREST AND FEE WAIVER**

Disclosure concerns:

- Expenditure of taxpayer funds
- Procurement affecting service members
- Evaluation of mission-critical or medical technologies

Release will contribute significantly to public understanding of government operations and is not sought for commercial advantage. A fee waiver is requested pursuant to 5 U.S.C. § 552(a)(4)(A)(iii).

**V. PRESERVATION OF ADMINISTRATIVE REMEDIES**

This supplemental submission is made to ensure an adequate search and proper application of FOIA standards. It preserves all administrative and judicial review rights.

Failure to conduct a reasonable search, to release segregable material, or to properly justify any withholding may constitute grounds for administrative appeal and judicial review.

*/stansansone/*

Stanley A. Sansone
geofirefighter@gmail.com
(713) 725-7051
February 13, 2026

An official website of the United States government
Here's how you know

UNITED STATES DEPARTMENT of JUSTICE

MENU

# FOIA.gov

**Thank you for visiting FOIA.gov, the government's central website for FOIA.** We'll continue to make improvements to the site and look forward to your input. Please submit feedback to National.FOIAPortal@usdoj.gov.

**Submission ID:** 2742836

# Success!

## Your FOIA request has been created and is being sent to the Department of the Navy.

You'll hear back from the agency confirming receipt in the coming weeks using the contact information you provided. If you have questions about your request, feel free to reach out to the agency FOIA personnel using the information provided below.

### Contact the agency

Richard Strong, FOIA Officer

(202) 685-0412

usn.ncr.dns.mbx.don-foia-pa@us.navy.mil

FOIA Requester Service Center

202-685-0412

usn.ncr.dns.mbx.don-foia-pa@us.navy.mil

Christopher Julka, FOIA Public Liaison

703-697-0031

christopher.a.julka.civ@us.navy.mil

Chief of Naval Operations, DNS-36
2000 Navy Pentagon
Washington, DC 20350-2000

usn.ncr.dns.mbx.don-foia-pa@us.navy.mil

## Request summary

Request submitted on**February 13, 2026**.

The confirmation ID for your request is **2742836**.

The confirmation ID is only for identifying your request on FOIA.gov and acts as a receipt to show that you submitted a request using FOIA.gov. This number does not replace the information you'll receive from the agency to track your request. In case there is an issue submitting your request to the agency you selected, you can use this number to help.

## Contact information

**Name**
Stanley Sansone

**Mailing address**
7822 Sands Point
Houston, Texas 77036
United States

**Phone number**
7137257051

**Fax number**
7137257051

**Email**
stan@911medicaldevices.com

---

## Your request

SUPPLEMENTAL FREEDOM OF INFORMATION ACT REQUEST United States Department of the Navy Office of the Judge Advocate General / Naval Supply Systems Command / Bureau of Medicine and Surgery, as applicable. Re: Supplemental Clarification – FOIA Submission ID: 2734526 This submission supplements and clarifies my previously filed Freedom of Information Act request (Submission ID: 2734526) to the United States Department of the Navy. This supplemental filing does not narrow, modify, or replace the original request. It clarifies scope and addresses foreseeable exemption issues to ensure an efficient and legally sufficient response. I. CLARIFICATION OF SCOPE The original request includes all records reflecting, referring, or relating to: • Procurement, acquisition, pricing, contracting, evaluation, testing, or deployment • Communications with manufacturers, vendors, or contractors • Internal communications regarding product selection or evaluation • Justifications for award or source selection • Cost comparisons or price reasonableness determinations • Technical or clinical evaluations • Any waiver, sole-source, urgency, or emergency procurement authority This expressly includes: • Executed contracts and modifications • Unit pricing and total pricing

schedules • Purchase orders and invoices • Technical evaluation reports • Source selection decision documents • Price negotiation memoranda • Adopted findings or determinations • Post-award performance evaluations Both electronic and hard-copy records are included. II. PREEMPTION OF ANTICIPATED EXEMPTIONS A. Exemption 4 – Confidential Commercial Information (5 U.S.C. § 552(b)(4)) To the extent the Navy anticipates invoking Exemption 4: 1. Final Contract Pricing Is Not Confidential. The Supreme Court has recognized that the government may not withhold information that is customarily disclosed or incorporated into executed federal contracts. Pricing paid by the government, unit pricing, and total contract values are routinely disclosed through federal procurement systems. 2. Public Interest Overrides Withholding. Disclosure of pricing paid with taxpayer funds contributes directly to public understanding of government operations and is not primarily commercial in nature. 3. Segregability Requirement. Even if limited proprietary technical material exists, all reasonably segregable portions of pricing data, award determinations, and cost comparisons must be released. B. Exemption 5 – Deliberative Process Privilege If Exemption 5 is asserted: 1. Final Decisions and Adopted Rationales Are Not Protected. Final award decisions, final technical evaluations, adopted findings, and source selection determinations are not predecisional once relied upon. 2. Purely Factual Material Must Be Disclosed. Cost data, pricing comparisons, testing data, and objective performance metrics are factual and are not protected by the deliberative process privilege. 3. Post-Decisional Justifications Are Not Privileged. Documents explaining or defending a final procurement decision are not predecisional. C. Exemption 1 or 3 – National Security / Statutory Withholding This request concerns procurement of medical or commercial technology and related pricing. If any portion is withheld under Exemption 1 or 3, please: • Identify the specific classification authority or statute relied upon • Provide the date of classification • Confirm that all reasonably segregable non-classified material has been released Procurement pricing and contract award documentation are not presumptively classified. D. Exemption 6 – Personal Privacy Names, titles, and official contact information of government officials acting in their official capacities are not protected personal privacy information. If redactions are made, please identify the specific privacy interest asserted and release segregable material. III. VAUGHN INDEX REQUIREMENT If any records are withheld in whole or in part, please provide: • A detailed Vaughn index • Identification of each withheld document or portion • The specific exemption relied upon • An explanation of why segregable material cannot be released IV. PUBLIC INTEREST AND FEE WAIVER Disclosure concerns: • Expenditure of taxpayer funds • Procurement affecting service members • Evaluation of mission-critical or medical technologies Release will contribute significantly to public understanding of

government operations and is not sought for commercial advantage. A fee waiver is requested pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). V. PRESERVATION OF ADMINISTRATIVE REMEDIES This supplemental submission is made to ensure an adequate search and proper application of FOIA standards. It preserves all administrative and judicial review rights. Failure to conduct a reasonable search, to release segregable material, or to properly justify any withholding may constitute grounds for administrative appeal and judicial review.

---

## Additional information

FOIA Supplemental Request_NAVY_Sansone_ 021326.pdf

---

## Fees

**What type of requester are you?**
other

**Fee waiver**
yes

**Fee waiver justification**
I request a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure is in the public interest and will contribute significantly to public understanding of Navy operations, research, acquisition practices, inter-command coordination, and compliance with constitutional and statutory obligations. This request is not made for commercial advantage. I am proceeding in forma pauperis.

---

## Request expedited processing

**Expedited processing**
no

**Justification for expedited processing**
Pursuant to 5 U.S.C. § 552(a)(6)(E) and applicable Department of the Navy FOIA regulations, expedited processing is requested on the grounds of a compelling need. A. Urgency to Inform the Public Concerning Government Activity This request concerns: Active or recent Navy procurement of medical

or mission-impacting technology Expenditure of public funds Decisions affecting service member health, safety, and operational readiness The subject matter directly concerns current government activity with immediate implications for military medical care and mission capability. Timely disclosure is necessary to inform the public about how taxpayer funds are being allocated and whether procurement decisions align with statutory, fiscal, and operational standards. Delay in disclosure would impair the public's ability to evaluate ongoing procurement practices while those practices remain active. B. Government Activity Affecting Health and Safety Where the procurement concerns medical devices, pharmaceuticals, or mission-critical equipment affecting service members, there is an inherent health and safety dimension. Courts and agencies have recognized that matters implicating public health or safety support expedited treatment when disclosure informs oversight of government conduct. C. Time Sensitivity The records requested relate to procurement decisions that may still be: In effect Under renewal or modification Impacting current operational deployment The value of disclosure diminishes significantly if provided only after procurement cycles are complete or funds are fully expended. D. Certification I certify that the information provided in support of this request for expedited processing is true and correct to the best of my knowledge and belief.

FOIA.gov

**CONTACT**

Office of Information Policy (OIP)
U.S. Department of Justice
441 G St, NW, 6th Floor
Washington, DC 20530
E-mail: National.FOIAPortal@usdoj.gov

Hero image credit CC3.0

FREQUENTLY ASKED QUESTIONS

DEVELOPER RESOURCES

AGENCY API SPEC

FOIA CONTACT DOWNLOAD

FOIA DATASET DOWNLOAD

ACCESSIBILITY

# FREEDOM OF INFORMATION ACT (FOIA) REQUEST

## *Department of Defense – Defense Health Agency (DHA) Regarding: Congressionally Directed Medical Research Programs (CDMRP)*

Pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. § 552, Stanley A. Sansone respectfully requests access to and copies of records maintained by the Department of Defense, including the Defense Health Agency (DHA), relating to the Congressionally Directed Medical Research Programs (CDMRP) and any participating, coordinating, or contributing components, including but not limited to the United States Army and the United States Navy. This request includes records maintained by any predecessor, successor, subordinate, or affiliated offices performing CDMRP functions during the relevant time period.

**1. SUBJECT OF REQUEST**

CDMRP Stakeholder Status and Program Recognition of a Musculoskeletal (MSK) Injury Solution, Including Exposure Through NICE/ANTX and Related Military Innovation and Vendor Events.

II. **SCOPE OF REQUEST**

I request all records relating to the identification, evaluation, acknowledgment, classification, designation, or treatment of a musculoskeletal (MSK) injury solution for which the inventor received stakeholder status or equivalent program recognition within CDMRP.

This request includes records generated before, during, and after military-sponsored innovation engagements, vendor days, industry forums, and medical research events.

**III. SEARCH INSTRUCTIONS**

Expanded priority search matrix. The following priorities apply to all searches conducted under this request. Searches shall not be limited to final agency records and shall include draft documents, internal communications, briefing materials, and electronically stored information.

**PRIORITY 1 — Patent Information, Identity, and Direct Association *(Primary)***

Searches shall include, but not be limited to, records containing the following identifiers, whether used individually or in combination.

A. Inventor Identity

- Stanley A. Sansone

- Stanley Sansone
- Stan Sansone
- Sansone
- 911 Medical Devices
- stan@911medicaldevices.com

B. Patent and Intellectual Property References

- Patents

  **U.S. Patent No. 9,770,061** – *Emergency Head Covering Cold Pack for Head Trauma, Concussions, Wounds, or Migraines*

  Inventor: Stanley A. Sansone

  Filed: **February 2, 2015**

  and any references to the above patents or applications by number, title, subject matter, or derivative terminology.

  **U.S. Design Patent No. D888,968** – *Head Wrap*

  Inventors: Stanley A. Sansone and Dylan J. Sansone

  Filed: October 12, 2019,

  and any references to the above patents or applications by number, title, subject matter, or derivative terminology.

- Patent Applications (Stanley A. Sansone):

  **Application No. 16/255,511** – Wearable Thermal Device with Port, filed January 23, 2019, and any references to the above patents or applications by number, title, subject matter, or derivative terminology.

  **Application No. 17/490,525** – Conformable Thermal Therapeutic Dressing with Medical Intervention and/or Sensing Capabilities, filed September 30, 2021,

  and any references to the above patents or applications by number, title, subject matter, or derivative terminology.

- Continuation
- CIP
- Provisional
- Intellectual property
- Proprietary technology

- Patent status
- Ownership determination

C. Direct CDMRP / Program Association

- stakeholder
- stakeholder status
- CDMRP recognition
- program relevance
- program alignment
- technology evaluation
- technology transition

**PRIORITY 2 — Functional and Medical Terminology**

Searches shall include, but not be limited to, records containing the following terms:

- MSK
- musculoskeletal injury
- orthopedic injury
- injury mitigation
- limb preservation
- combat casualty care
- rehabilitation
- field stabilization
- medical device
- prototype

This search applies whether or not the inventor's name appears.

**PRIORITY 3 — Innovation and Vendor Engagement Events**

Search all records referencing the following events:

- Encountering Innovation, **October 8–12, 2018**, Johnson County Community College, Overland Park, Kansas
- Military Medical Industry Days II, **October 15, 2019**, San Antonio, Texas
- Encountering Innovation, **September 14–18, 2020** (virtual)

- Naval Integration in Contested Environments (NICE) Advanced Naval Technology Exercise (ANTX), NICEANTX2021 Camp Lejeune, NC, **March 17, 2020 – April 5-16, 2021**
- U.S. Army Medical Command Vendor Day, **March 23, 2022**, Fredericksburg, Virginia
- Military Medical Industry Days III, **April 19, 2022**, San Antonio, Texas
- Military Health System Research Symposium (MHSRS), **September 12–15, 2022**, Kissimmee, Florida
- 1MED Silver Knight Summit Vendor Day, **December 4–6, 2023**, Fort Cavazos Mission Training Complex (MTC), Texas

**PRIORITY 4 — Independent Evaluation and Downstream Program Activity**

Search for records referencing:

- Evaluation
- Assessment
- Recommendation
- Funding pathway
- Program tracking
- Transition decision
- Exclusion
- Clinical relevance
- Mission fit
- Including records generated independently of the inventor, including records that reference the solution by function, capability, clinical application, or operational relevance, whether or not the inventor's name appears.

## IV. CATEGORIES OF RECORDS REQUESTED

This request includes, but is not limited to:

- Stakeholder designation records
- Vetting or eligibility determinations
- Internal technical reviews
- Clinical or operational assessments
- Program alignment analyses
- Communications between CDMRP and Army or Navy components

- Funding consideration discussions
- Technology transition deliberations
- Records reflecting inclusion or exclusion decisions

This request is not limited to event files and includes administrative, evaluative, deliberative, and programmatic records, including but not limited to:

- Invitations, applications, participation determinations, or exclusion decisions
- Abstracts, capability statements, presentations, demonstration materials, or summaries
- Internal technical reviews, clinical evaluations, operational assessments, or mission-fit analyses
- Communications between CDMRP and Army or Navy components concerning MSK injury solutions encountered through these events

**V. TIME FRAME**

February 1, 2015 through the date of the search.

**VI. FEE WAIVER REQUEST**

I request a waiver of all search, review, and duplication fees. Disclosure is in the public interest and will contribute significantly to public understanding of Department of Defense medical research programs, stakeholder designation practices, and technology evaluation and transition processes. This request is not made for commercial purposes.

**VII. FORMAT AND SEGREGABILITY**

Please provide records in electronic format where available.

If any portion of a record is withheld, release all reasonably segregable non-exempt portions and identify the specific FOIA exemption(s) relied upon, and provide sufficient detail to permit meaningful review of any withholding.

**VIII. PRESERVATION OF RECORDS**

Please preserve all records responsive to this request pending final determination and any administrative appeal.

*/stansansone/*

Stanley A. Sansone
geofirefighter@gmail.com
(713) 725-7051
February 3, 2026

Gmail

stan sansone <geofirefighter@gmail.com>

**Re: FOIA Request**
1 message

**USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA** <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil>
To: "geofirefighter@gmail.com" <geofirefighter@gmail.com>

Greetings,

You have reached the Headquarters Department of Army Freedom of Information Act (FOIA) Referral Center. We pride ourselves on providing exc

Our office is not the records owner of the documents that you are seeking. Requests for information and documents under the purview of the Ar
Freedom of Information Act program.

You may submit your request to the Department of the Navy Chief of Naval directly, if the records exist, they may have copies of the records you a

Department of the Navy Chief of Naval
Operations (DNS-36)
2000 Navy Pentagon
Washington, DC 20350-2000
Telephone: (703) 697-0031
Email: donfoia-pa@navy.mil

Thank you for your submission.

DA FOIA Office

---

**From:** geofirefighter@gmail.com <geofirefighter@gmail.com>
**Sent:** Tuesday, February 3, 2026 5:00 PM
**To:** USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil>
**Subject:** FOIA Request

You don't often get email from geofirefighter@gmail.com. Learn why this is important

Hello,

This message was generated by the Army DOJ FOIA API

A new FOIA request was submitted to your agency component.

The following list contains the entire submission, and is formated for ease of viewing and printing.

---

## Contact Information

| | |
|---|---|
| **First Name** | Stanley |
| **Last Name** | Sansone |
| **Mailing Address** | 7822 Sands Point |
| **City** | Houston |
| **State/Province** | Texas |
| **Postal Code** | 77036 |
| **Country** | United States |
| **Phone** | 7137257051 |
| **Company/Organization** | |
| **Email** | geofirefighter@gmail.com |

---

## Request

| | |
|---|---|
| **Request ID** | 2719226 |
| **Confirmation ID** | 2722636 |
| **Request** | other |

| | |
|---|---|
| **Description** | V. CROSS-AGENCY & CROSS-REFERENCE REQUIREMENT This request expressly includes records that are cross-referenced, shared, coo Army United States Patent and Trademark Office (USPTO) Department of Defense components Contractors, laboratories, or third-party evaluat USPTO, including records reflecting notice, knowledge, referral, or reliance across agencies. VI. TIME FRAME Unless otherwise stated, this rec |

## Supporting documentation

| | |
|---|---|
| **Additional Information** | FOIA Request_Army_Sansone_ 020326.pdf |

## Fees

| | |
|---|---|
| **Request category ID** | other |
| **Fee waiver** | yes |
| **Explanation** | I request a waiver of all fees pursuant to 5 U.S.C. § 552(a)(4)(A)(iii). Disclosure of the requested records is in the public interest beca Army, including programmatic decision-making, research and acquisition practices, inter-command coordination, and compliance witl including the protection of property interests, procedural due process, and the integrity of agency decision-making affecting military re out in practice, not merely on the circumstances of an individual inventor. This request is made in the public interest and not for the pu |
| **Willing to pay** | |

## Expedited processing

| | |
|---|---|
| **Expedited Processing** | yes |
| **Explanation** | I request expedited processing pursuant to 5 U.S.C. § 552(a)(6)(E) and 32 C.F.R. § 286.8(e) because this request concerns matters ( government accountability. The requested records relate to the evaluation, funding, non-use, redirection, or suppression of medical ai the Department of Justice and the United States Patent and Trademark Office. These matters directly affect ongoing judicial proceedi obligations affecting innovation, military readiness, and the expenditure of public funds. Delay in disclosure could reasonably be expe operational effectiveness, and constitutional due process. I am an individual requester proceeding pro se and in forma pauperis and s review. |

The following table contains the entire submission, and is formatted for easy copy/pasting into a spreadsheet.

| request_id | confirmation_id | address_city | address_country | address_line1 | address_state_province | address_zip_postal_code | company_organization | ema |
|---|---|---|---|---|---|---|---|---|
| 2719226 | 2722636 | Houston | United States | 7822 Sands Point | Texas | 77036 | | geo |

Exhibit E – U.S. Army Correspondence

Gmail

stan sansone <geofirefighter@gmail.com>

**Auto Reply: Your message has been received**

1 message

**USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA** <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil> Fri, Feb 20, 2026 at 5:37 AM

To: stan sansone <geofirefighter@gmail.com>

Your inquiry has been received by the US Army Freedom of Information Act (FOIA) office.

Thank you for contacting us.

Army FOIA

Exhibit E – U.S. Army Correspondence

Gmail

**stan sansone <geofirefighter@gmail.com>**

**FOIA No. 2722636 – Supplemental Clarification (Event Time Frames)**
4 messages

**stan sansone** <geofirefighter@gmail.com> Fri, Feb 20, 2026 at 5:37 AM
To: USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil>
Cc: Stan Sansone <stan@911medicaldevices.com>

Dear FOIA Officer,

I write to supplement FOIA Request No. 2722636 to clarify additional Army engagements within the existing scope of the request and to provide associated time frames to assist in conducting a reasonable search.

In addition to the previously described solicitation and communications, I participated in and/or presented at the following Army-related engagements, at which Army personnel attended, organized, evaluated, or otherwise engaged:

- **Military Medical Industry Days II**, October 15, 2019, San Antonio, Texas
- **U.S. Army Medical Command Vendor Day**, March 23, 2022, Fredericksburg, Virginia
- **Military Medical Industry Days III**, April 19, 2022, San Antonio, Texas
- **Military Health System Research Symposium (MHSRS)**, September 12–15, 2022, Kissimmee, Florida
- **1MED Silver Knight Summit Vendor Day**, December 4–6, 2023, Fort Cavazos Mission Training Complex (MTC), Texas

For purposes of this clarification, responsive records include those created, sent, received, or maintained **from February 1, 2015 to the present**, including records created in preparation for, during, or following the above-listed engagements.

Responsive records may include, but are not limited to, attendance logs, visitor access records, meeting invitations, presentations, briefing materials, internal communications, evaluations, follow-up correspondence, and any coordination among Army personnel relating to those engagements. This includes records maintained by Army personnel who attended, organized, evaluated, or coordinated these engagements.

These clarifications are provided solely to assist in conducting a reasonable search and do not narrow, modify, or supersede the original request.

Respectfully,

Stan Sansone
(713) 725-7051

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution, or disclosure by others is strictly prohibited. If you are not the intended recipient (nor authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message

**USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA** <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil> Mon, Mar 2, 2026 at 10:35 AM
To: stan sansone <geofirefighter@gmail.com>

Greetings,

You have reached the Headquarters Department of Army Freedom of Information Act (FOIA) Referral Center. We pride ourselves on providing exceptional customer service to reach the highest level of customer satisfaction.

Our office is not the records owner of the documents that you are seeking. Requests for information and documents under the purview of the Army are referred to the appropriate agency for handling in accordance with Army Regulation 25-55, The Army Freedom of Information Act program.

The correct office to process your request is the Bureau of Medicine and Surgery and DHA office. You may submit your request to them directly as if the records exist, they may have copies of the records you are seeking. Their contact information is below.

Bureau of Medicine and Surgery
Medical-Legal Affairs Office
ATTN: FOIA 7700 Arlington Blvd., Suite 5124
Falls Church, VA 22042-5124
Telephone: 703-681-9106
Email: usn.ncr.bumedfchva.mbx.foia-bumed@health.mil
Website: www.securerelease.us

DHA Freedom Requestor Service
7700 Arlington Blvd, Ste. 5101
Falls Church, VA 22042-5101
Phone: 703-681-3310
Email: DHA.FOIA@health.mil

Thank you for your submission.

DA FOIA OFFICE

---

**From:** stan sansone <geofirefighter@gmail.com>
**Sent:** Friday, February 20, 2026 6:37 AM
**To:** USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil>
**Cc:** Stan Sansone <stan@911medicaldevices.com>
**Subject:** FOIA No. 2722636 – Supplemental Clarification (Event Time Frames)

You don't often get email from geofirefighter@gmail.com. Learn why this is important

[Quoted text hidden]

---

**stan sansone** <geofirefighter@gmail.com> Wed, Mar 4, 2026 at 7:25 AM
To: USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil>

Subject: FOIA Request No. 2722636 – Component Clarification

Dear FOIA Officer,

Thank you for your response.

The Defense Health Agency was already included within the scope of my previously submitted FOIA request through the Congressionally Directed Medical Research Programs (CDMRP) submission.

Please confirm whether my Army FOIA request has been referred to the appropriate component(s) for processing, including CDMRP/USAMRDC or DHA, or whether separate submission to those components is required.

Thank you and for your service.

Respectfully,
Stanley A. Sansone

[Quoted text hidden]
--
Stan Sansone

---

**stan sansone** <geofirefighter@gmail.com> Wed, Mar 4, 2026 at 7:27 AM
To: usn.ncr.bumedfchva.mbx.foia-bumed@health.mil
Cc: USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil>, Stan Sansone <stan@911medicaldevices.com>

Subject: FOIA Request – Referred by HQ Department of the Army FOIA Referral Center

Dear FOIA Officer,

The attached Freedom of Information Act request was previously submitted to the Headquarters Department of the Army FOIA Referral Center and I was advised that your office may maintain responsive records.

The request concerns records relating to medical technology evaluation, research engagement, and associated program activities involving Army and joint military medical organizations, including events such as Military Medical Industry Days, MHSRS, and related vendor engagement programs.

Please process the attached request accordingly.

Respectfully,
Stanley A. Sansone

## Forwarded Conversation
**Subject: FOIA No. 2722636 – Supplemental Clarification (Event Time Frames)**
------------------------

From: **stan sansone** <geofirefighter@gmail.com>
Date: Fri, Feb 20, 2026 at 5:37 AM
To: USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil>
Cc: Stan Sansone <stan@911medicaldevices.com>

Dear FOIA Officer,

I write to supplement FOIA Request No. 2722636 to clarify additional Army engagements within the existing scope of the request and to provide associated time frames to assist in conducting a reasonable search.

In addition to the previously described solicitation and communications, I participated in and/or presented at the following Army-related engagements, at which Army personnel attended, organized, evaluated, or otherwise engaged:

- **Military Medical Industry Days II**, October 15, 2019, San Antonio, Texas
- **U.S. Army Medical Command Vendor Day**, March 23, 2022, Fredericksburg, Virginia
- **Military Medical Industry Days III**, April 19, 2022, San Antonio, Texas
- **Military Health System Research Symposium (MHSRS)**, September 12–15, 2022, Kissimmee, Florida
- **1MED Silver Knight Summit Vendor Day**, December 4–6, 2023, Fort Cavazos Mission Training Complex (MTC), Texas

For purposes of this clarification, responsive records include those created, sent, received, or maintained **from February 1, 2015 to the present**, including records created in preparation for, during, or following the above-listed engagements.

Responsive records may include, but are not limited to, attendance logs, visitor access records, meeting invitations, presentations, briefing materials, internal communications, evaluations, follow-up correspondence, and any coordination among Army personnel relating to those engagements. This includes records maintained by Army personnel who attended, organized, evaluated, or coordinated these engagements.

These clarifications are provided solely to assist in conducting a reasonable search and do not narrow, modify, or supersede the original request.

Respectfully,

Stan Sansone
(713) 725-7051

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution, or disclosure by others is strictly prohibited. If you are not the intended recipient (nor authorized to receive for the recipient), please contact the sender by reply e-mail and delete all copies of this message

----------
From: **USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA** <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil>
Date: Mon, Mar 2, 2026 at 10:35 AM
To: stan sansone <geofirefighter@gmail.com>
[Quoted text hidden]
----------
From: **stan sansone** <geofirefighter@gmail.com>
Date: Wed, Mar 4, 2026 at 7:25 AM
To: USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil>

[Quoted text hidden]
--
Stan Sansone

--
Stan Sansone

Gmail

stan sansone <geofirefighter@gmail.com>

**Auto Reply: Your message has been received**
2 messages

**USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA** <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil> Wed, Mar 4, 2026 at 7:25 AM
To: stan sansone <geofirefighter@gmail.com>

Your inquiry has been received by the US Army Freedom of Information Act (FOIA) office.

Thank you for contacting us.

Army FOIA

---

**USARMY Ft Belvoir HQDA ESA Mailbox RMDA FOIA** <usarmy.belvoir.hqda-esa.mbx.rmda-foia@army.mil> Wed, Mar 4, 2026 at 7:28 AM
To: stan sansone <geofirefighter@gmail.com>

[Quoted text hidden]

# Exhibit F – U.S. Navy Correspondence and Tracking Information

Gmail **stan sansone <geofirefighter@gmail.com>**

## FOIA Status Request, Submission ID: 2734526 - Department of the Navy - Overdue Response

2 messages

<> Sat, Mar 21, 2026 at 6:36 AM
To: usn.ncr.dns.mbx.don-foia-pa@us.navy.mil, christopher.a.julka.civ@us.navy.mil
Cc: usn.ncr.dns.mbx.don-foia-pa@us.navy.mil, Stan Sansone <stan@911medicaldevices.com>

Dear Mr. Strong and the Navy FOIA Office,

I am writing to request a status update regarding my Freedom of Information Act (FOIA) request submitted to the Department of the Navy (Submission ID: 2734526). Based on the statutory time limits under 5 U.S.C. § 552(a)(6)(A), the response was due on or about March 11, 2026. To date, I have not received an acknowledgment, determination, or request for clarification. For convenience and clarity, I am attaching a copy of the original FOIA request PDF submitted through the portal.

This request seeks records relating to NICE/ANTX activities, associated CRADA No. LP-CRADA-NIWC LANT-21-006, event media, and related medical and operational evaluations. Given the time-sensitive nature of certain requested audiovisual and program records, I respectfully request an update on processing status and estimated completion date.

If the request has been assigned a tracking number, please provide it. If the request has been routed to a different component or requires clarification, please advise so that I may respond promptly.

To the extent the request is considered complex or requires additional time, please provide written notice pursuant to 5 U.S.C. § 552(a)(6)(B), including the reason for the extension and an expected determination date.

If responsive records are available for partial release, I request rolling production.

Thank you for your attention to this matter. I look forward to your response.

God bless our Navy and thank you for your service.

Respectfully,

Stanley A. Sansone

geofirefighter@gmail.com

(713) 725-7051

Here's the attachment as a link for your review:
FOIA Request_NAVY_Sansone_ 021026.pdf
Add your comments and collaborate with others in real time. You don't need to download Acrobat or sign up to access the file.

---

**stan sansone** <geofirefighter@gmail.com> Sat, Mar 21, 2026 at 6:45 AM
Cc: usn.ncr.dns.mbx.don-foia-pa@us.navy.mil, christopher.a.julka.civ@us.navy.mil, Stan Sansone <stan@911medicaldevices.com>

It appears I might have a email problem
[Quoted text hidden]
--
Stan Sansone

Exhibit F – U.S. Navy Correspondence and Tracking Information

Gmail

stan sansone <geofirefighter@gmail.com>

**FOIA Status Request, Submission ID: 2734526 - Department of the Navy - Overdue Response**
4 messages

<> Sat, Mar 21, 2026 at 6:36 AM
To: usn.ncr.dns.mbx.don-foia-pa@us.navy.mil, christopher.a.julka.civ@us.navy.mil
Cc: usn.ncr.dns.mbx.don-foia-pa@us.navy.mil, Stan Sansone <stan@911medicaldevices.com>

Dear Mr. Strong and the Navy FOIA Office,

I am writing to request a status update regarding my Freedom of Information Act (FOIA) request submitted to the Department of the Navy (Submission ID: 2734526). Based on the statutory time limits under 5 U.S.C. § 552(a)(6)(A), the response was due on or about March 11, 2026. To date, I have not received an acknowledgment, determination, or request for clarification. For convenience and clarity, I am attaching a copy of the original FOIA request PDF submitted through the portal.

This request seeks records relating to NICE/ANTX activities, associated CRADA No. LP-CRADA-NIWC LANT-21-006, event media, and related medical and operational evaluations. Given the time-sensitive nature of certain requested audiovisual and program records, I respectfully request an update on processing status and estimated completion date.

If the request has been assigned a tracking number, please provide it. If the request has been routed to a different component or requires clarification, please advise so that I may respond promptly.

To the extent the request is considered complex or requires additional time, please provide written notice pursuant to 5 U.S.C. § 552(a)(6)(B), including the reason for the extension and an expected determination date.

If responsive records are available for partial release, I request rolling production.

Thank you for your attention to this matter. I look forward to your response.

God bless our Navy and thank you for your service.

Respectfully,

Stanley A. Sansone

geofirefighter@gmail.com

(713) 725-7051

Here's the attachment as a link for your review:
FOIA Request_NAVY_Sansone_ 021026.pdf
Add your comments and collaborate with others in real time. You don't need to download Acrobat or sign up to access the file.

---

**stan sansone** <geofirefighter@gmail.com> Sat, Mar 21, 2026 at 6:45 AM
Cc: usn.ncr.dns.mbx.don-foia-pa@us.navy.mil, christopher.a.julka.civ@us.navy.mil, Stan Sansone <stan@911medicaldevices.com>

It appears I might have a email problem
[Quoted text hidden]
--
Stan Sansone

---

# Exhibit F – U.S. Navy Correspondence and Tracking Information

**USN NCR DNS Mailbox don foia pa** <usn.ncr.dns.mbx.don-foia-pa@us.navy.mil> Wed, Mar 25, 2026 at 9:14 AM
To: stan sansone <geofirefighter@gmail.com>
Cc: USN NCR DNS Mailbox don foia pa <usn.ncr.dns.mbx.don-foia-pa@us.navy.mil>, "Julka, Christopher A CIV USN DONCIO WASHINGTON DC (USA)" <christopher.a.julka.civ@us.navy.mil>, Stan Sansone <stan@911medicaldevices.com>

Good morning,

Your request number is 2026-NavyFOIA-004830. I have forwarded this email to Bureau of Medicine and Surgery. They should be able to reply directly to you to provide a status update.

U.S. Navy Headquarters (FOIA)

2000 Navy Pentagon

Washington, DC 20350-1200

don-foia-pa@us.navy.mil

[Quoted text hidden]

---

**stan sansone** <geofirefighter@gmail.com> Wed, Mar 25, 2026 at 1:12 PM
To: USN NCR DNS Mailbox don foia pa <usn.ncr.dns.mbx.don-foia-pa@us.navy.mil>
Cc: USN NCR DNS Mailbox don foia pa <usn.ncr.dns.mbx.don-foia-pa@us.navy.mil>, "Julka, Christopher A CIV USN DONCIO WASHINGTON DC (USA)" <christopher.a.julka.civ@us.navy.mil>, Stan Sansone <stan@911medicaldevices.com>

Dear Mr. Strong, FOIA Officer, and Navy FOIA Office:

This correspondence concerns my Freedom of Information Act request submitted to the Department of the Navy, **Submission ID: 2734526**.

To date, I have received no acknowledgment, tracking number, or determination. I also sent a follow-up inquiry on **March 21, 2026**, which has not received a response.

Under 5 U.S.C. § 552(a)(6)(A), an agency is required to make a determination within twenty (20) working days. That period has now elapsed, currently at 38 days. Accordingly, I consider administrative remedies **constructively exhausted** under 5 U.S.C. § 552(a)(6)(C).

I request:

1. Immediate confirmation the request was received
2. Assignment of a tracking number
3. Identification of the office responsible for the search
4. Estimated date of completion
5. Confirmation whether any components have been tasked

Because this request concerns Navy procurement decisions affecting operational readiness, medical capability, and expenditure of public funds, I also request **expedited processing** pursuant to 5 U.S.C. § 552(a)(6)(E).

If this request has been misdirected, please forward it to the appropriate component and advise.

My efforts are grounded in the same constitutional framework that empowers and sustains the United States Navy. The Constitution not only authorizes Congress to provide and maintain a Navy, but also secures the rights of inventors to promote progress in science and useful arts—principles that together drive national defense and technological superiority. Of great interest is our constitution was the first to include an inventors right, which is the only right in the U.S. Constitution, the other rights came 2 years later in amendments - Bill of Rights. I fight for the constitution. My pursuit of transparency and protection of inventor rights is therefore not adversarial to the Navy, but aligned with its mission: ensuring that innovation reaches the warfighter, procurement decisions remain accountable, and critical capabilities are not lost through administrative failure. This request is made in that spirit — embracing the Navy's role in defending the nation, while upholding the constitutional structure that enables American technological advantage.

If no response is received, I will have to consider administrative appeal and other remedies available under FOIA. Thank you for forwarding this request to the actionable office.

Respectfully,

Stan Sansone
(713) 725-7051

[Quoted text hidden]
--
Stan Sansone

**Exhibit G**

Gmail

**stan sansone <geofirefighter@gmail.com>**

## Request Acknowledgement by USPTO

7 messages

**admin@ains.com** <admin@ains.com> Sun, Feb 1, 2026 at 11:11 AM
To: geofirefighter@gmail.com

Dear Stanley Sansone,

Case Number F-26-00174 has been assigned to the request you submitted. In all future correspondence regarding this request please reference case number F-26-00174.

Regards,
USPTO

**stan sansone** <geofirefighter@gmail.com> Thu, Mar 5, 2026 at 9:39 AM
To: admin@ains.com, FOIARequests@uspto.gov
Cc: Stan Sansone <stan@911medicaldevices.com>

Subject: FOIA Status Inquiry – Submission F-25-00174

Dear USPTO FOIA Office,

I am writing to inquire about the status of my FOIA request submitted on February 1, 2026 concerning records related to Patent Application Nos. 16/255,511 and 17/490,525.

I received confirmation of submission on February 1 but have not yet received a determination or further correspondence. I would appreciate confirmation that the request is in processing and any available status update.

Thank you for your assistance.

Very Respectfully,
Stan Sansone
[Quoted text hidden]
--
Stan Sansone

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com> Thu, Mar 5, 2026 at 9:39 AM
To: geofirefighter@gmail.com

### Address not found

Your message wasn't delivered to **admin@ains.com** because the address couldn't be found, or is unable to receive mail.

LEARN MORE
*This link will take you to a third-party site*

The response from the remote server was:

550 5.4.1 Recipient address rejected: Access denied. For more information see https://aka.ms/EXOSmtpErrors [CO1PEPF00012E60.namprd05.prod.outlook.com 2026-03-05T15:39:19.514Z 08DE79F6C3BDCFEC]

Final-Recipient: rfc822; admin@ains.com
Action: failed
Status: 5.4.1
Remote-MTA: dns; ains-com.mail.protection.outlook.com. (2a01:111:f403:f804::2, the server for the domain ains.com.)
Diagnostic-Code: smtp; 550 5.4.1 Recipient address rejected: Access denied. For more information see https://aka.ms/EXOSmtpErrors [CO1PEPF00012E60.namprd05.prod.outlook.com 2026-03-05T15:39:19.514Z 08DE79F6C3BDCFEC]

Last-Attempt-Date: Thu, 05 Mar 2026 07:39:19 -0800 (PST)

---

**noname**
5K

---

**Alexander, Traci** <Traci.Alexander@uspto.gov> Mon, Mar 9, 2026 at 11:20 AM
To: "geofirefighter@gmail.com" <geofirefighter@gmail.com>
Cc: "Campbell, Dorothy" <Dorothy.Campbell@uspto.gov>

---

**From:** FOIA Requests <FOIARequests@USPTO.GOV>
**Sent:** Thursday, March 5, 2026 8:41 PM
**To:** Alexander, Traci <Traci.Alexander@USPTO.GOV>
**Cc:** Campbell, Dorothy <Dorothy.Campbell@USPTO.GOV>
**Subject:** RE: Request Acknowledgement by USPTO

Hi Traci,

Can you provide the requester with a status update?

Good afternoon Mr. Sansone,

I am the FOIA Officer processing your FOIA request. Currently, I am awaiting a response from one business unit that may have records responsive to your request. I anticipate a response by midweek.

Best Regards,

Traci Alexander

FOIA Officer

Office of General Law

571-272-4251

---

**From:** stan sansone <geofirefighter@gmail.com>
**Sent:** Thursday, March 5, 2026 10:39 AM
**To:** admin@ains.com; FOIA Requests <FOIARequests@USPTO.GOV>
**Cc:** Stan Sansone <stan@911medicaldevices.com>
**Subject:** Re: Request Acknowledgement by USPTO

You don't often get email from geofirefighter@gmail.com. Learn why this is important

CAUTION: This email has originated from a source outside of USPTO. **PLEASE CONSIDER THE SOURCE** before responding, clicking on links, or opening attachments.

[Quoted text hidden]

---

**Alexander, Traci** <Traci.Alexander@uspto.gov> Mon, Mar 9, 2026 at 11:33 AM
To: "geofirefighter@gmail.com" <geofirefighter@gmail.com>

Mr. Sansone,

Item #10 of your request was cut off in the original submission. Would you please provide me with the complete request for Item 10.

Thank you,

Traci Alexander

USPTO FOIA Officer

Office of General Law

[Quoted text hidden]

---

**stan sansone** <geofirefighter@gmail.com> Mon, Mar 16, 2026 at 4:15 PM
To: "Alexander, Traci" <Traci.Alexander@uspto.gov>, admin@ains.com, FOIARequests@uspto.gov
Bcc: Stan Sansone <stan@911medicaldevices.com>

Good morning Ms. Alexander,

Sorry for the delay and sorry for Item #10 and item #11 (Submission ID 2718171) appeared to have been truncated in the transmission of the request. Please find the complete text of Item #10, 11 below for inclusion in the request and processing of the records search.

***10. Communications between the USPTO and the Department of Defense concerning the applications or related technology, including any discussion of medical, injury-mitigation, or readiness-related applications, from October 3, 2019 to the present.***
***11. Drafts and final versions of Restriction Requirements, abandonment notices, and related internal justifications, from the filing date of each application to the present.***

Also, the original submission should have been included in a pdf, therefore I have attached the original pdf to this email. Thank you for your response, and thank you for your service to our great nation.

Sincerely,

Stan Sansone

[Quoted text hidden]
--
Stan Sansone

---

**FOIA Request_USPTO_Sansone_ 020126.pdf**
131K

---

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com> Mon, Mar 16, 2026 at 4:15 PM
To: geofirefighter@gmail.com

**Address not found**

Your message wasn't delivered to **admin@ains.com** because the address couldn't be found, or is unable to receive mail.

**LEARN MORE**
*This link will take you to a third-party site*

The response from the remote server was:

550 5.4.1 Recipient address rejected: Access denied. For more information see https://aka.ms/EXOSmtpErrors [SJ1PEPF000023D1.namprd02.prod.outlook.com 2026-03-16T21:15:20.866Z 08DE809C09982EFA]

Final-Recipient: rfc822; admin@ains.com

Action: failed
Status: 5.4.1
Remote-MTA: dns; ains-com.mail.protection.outlook.com. (2a01:111:f403:c902::7,
the server for the domain ains.com.)
Diagnostic-Code: smtp; 550 5.4.1 Recipient address rejected: Access denied. For more information see https://aka.ms/EXOSmtpErrors
[SJ1PEPF000023D1.namprd02.prod.outlook.com 2026-03-16T21:15:20.866Z 08DE809C09982EFA]
Last-Attempt-Date: Mon, 16 Mar 2026 14:15:20 -0700 (PDT)

---

**noname**
5K